IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TEDDIE CLAY,

    Plaintiff,

v.                                         Case No. 3:16-cv-31-MCR-GRJ

PLATINUM HOMES, LLC,
an Alabama Limited Liability Company,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**[1]

On March 7, 2017, the Court held a telephonic hearing to address ECF No. 29, Plaintiff's Motion for Sanctions Pursuant to Rule 37, and ECF No. 31, Platinum Homes, LLC's Response to Plaintiff's Motion for Sanctions. Plaintiff was represented by Brian Hoffman, and Defendant was represented by Benjamin Zimmern.

---

[1] Although the Court could have resolved the motion through the issuance of an order rather than a report and recommendation (because the motion concerns a non-dispositive pretrial matter) the Court has instead issued a report an recommendation because before the case was assigned to me, the district judge referred the motion to the magistrate judge then assigned to the case, for issuance of a report and recommendation. ECF No. 33. Nonetheless, because the Court has not recommended issuing sanctions that would result in the dismissal of the case or the striking of the Defendant's defenses, the matter is non-dispositive and therefore should be subject to challenge only under the clearly erroneous and contrary to law standard in Rule 72(a) of the Federal Rules of Civil Procedure.

For the following reasons, Plaintiff's motion for sanctions is due to be denied except that the Court should allow Plaintiff to conduct a Rule 30(b)(6) deposition of a representative of American Homestar Corporation ("Homestar"), which is the parent company of Platinum Homes, LLC, and should direct Defendant to make arrangements for the representative to be deposed in Pensacola, Florida, rather than in Texas, where Homestar's headquarters are located.

## I. Background

This case involves a lawsuit by an elderly purchaser of a mobile home against the manufacturer of the mobile home alleging claims for fraud, civil conspiracy, intentional infliction of emotional distress, and violation of Florida Unfair and Deceptive Practices Act ("FDUPTA"), all stemming from alleged willful concealment. (ECF No. 29 at 1–3.) According to Plaintiff, during the course of litigation, there have been alleged deficiencies pertaining to Defendant's Rule 26(a)(1) disclosures. As a result of these alleged deficiencies, Plaintiff filed the pending motion for sanctions.

In Plaintiff's motion, Plaintiff alleges that he was severely prejudiced as a result of Defendant's failure to properly disclose information in its Rule

26(a)(1) disclosures. The three main deficiencies in Defendant's disclosures Plaintiff challenges are: (1) the failure to include contact information for Joe Clark and John Calvert (two ex-employees of Defendant), (2) the failure to identify Jamie Dozier, and (3) the failure to identify Homestar and the extent of its involvement and its role in this case. Plaintiff requests a variety of drastic sanctions, including an order precluding evidence, declaring facts established, striking pleadings, providing an adverse jury instruction, and requiring the payment of costs and attorney's fees. (*See* ECF No. 29 at 21–22.) The Court, however, finds that Plaintiff has no basis in fact or law for his entitlement to these sanctions because Defendant's alleged disclosure deficiencies were either substantially justified, harmless, or both.

## II. Discussion

Plaintiff's motion for sanctions centers on disclosures required under Rule 26(a) of the Federal Rules of Civil Procedure. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden

of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). In making a determination regarding whether a failure was substantially justified or harmless, the Court "consider[s] the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009) (citing *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008)).

As to a finding that the conduct was substantially justified, "[t]he Supreme Court has clarified that an individual's discovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations omitted)).

As to a finding that the conduct was harmless, if a failure to disclose or a late disclosure causes prejudice, it is not harmless. "Prejudice generally occurs when late disclosure deprive the opposing party of a

meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *Berryman-Dages v. City of Gainesville, Fla.*, No. 1:10cv177-MP-GRJ, 2012 WL 1130074, at *2 (N.D. Fla. Apr. 4, 2012) (citing *Mitchell*, 318 F. App'x 821).

With regard to the imposition of severe sanctions the Federal Rules of Civil Procedure afford the district court discretion in imposing a wide range of sanctions for abusing the discovery process, including but not limited to establishing disputed facts, prohibiting a party from raising certain defenses, striking pleadings, dismissing the case, and requiring the payment of expenses. Fed. R. Civ. P. 37(b)–(c). "Dismissal with prejudice is the most severe Rule 37 sanction and is not favored . . . [b]ut [it] may be appropriate when a [party's] recalcitrance is due to wilfulness, bad faith or fault." *Steed v. EverHome Mortg. Co.*, 308 F. App'x 364, 370 (11th Cir. 2009) (quoting *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993)). "A court may impose lesser sanctions without a showing of willfulness or bad faith on the part of the disobedient party." *Id.* (quoting *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1049 (11th Cir. 1994)).

During the hearing, Plaintiff argued that Defendant's Rule 26(a)(1) deficiencies were a result of concealment that caused prejudice to the

Plaintiff throughout the discovery process. Despite Plaintiff's strong assertions that Defendant's Rule 26(a) disclosure deficiencies were so severe as to warrant very drastic sanctions, Plaintiff confuses and conflates deficiencies in Defendant's Rule 26(a)(1) disclosures with other discovery requests.

Rule 26(a)(1) is very specific about what must be disclosed. The Rule provides in relevant part that parties must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subject of that information—that the disclosing party may use to support *its claims or defenses*, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). The rule also requires disclosure of "a copy—or a description by category and location—and all documents . . . that the disclosing party has . . . and may use to support *its claims or defenses*." Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added).  The Rule does not require a defendant to identify every witness and produce every document it may know about but only to identify the witnesses and provide the documents the defendant may use to support its defenses.

Plaintiff's first complaint is that Defendant failed to disclose the

address and contact information for Joe Clark and John Calvert. (ECF No. 29 at 11.) Plaintiff says that Defendant had the contact information for these witnesses and therefore was required to include this information in Defendant's Rule 26(a)(1) disclosures. (*Id.*) While the Rule clearly contemplates that the address and contact information of individuals must be disclosed if known, the Court finds that Defendant's failure to provide this information was harmless.

Defendant's Rule 26(a)(1) disclosures dated March 23, 2016, listed Calvert and Clark as witnesses but did not include the address or contact information for them. (ECF No. 31 at 5.) Despite this shortcoming Plaintiff did not contact Defendant until August 24, 2016, to request the addresses for Clark and Calvert. (*Id.*) Before Defendant provided the updated information Plaintiff obtained the addresses by October 11, 2016, and then deposed Clark and Calvert on November 7 and 8, 2016. (*Id.*) This occurred within the discovery deadline and did not necessitate any extensions nor did it cause Plaintiff to forego any other discovery. Thus, while Defendant should have provided the addresses for Calvert and Clark in its Rule 26(a)(1) disclosures the failure to do so did not prejudice Plaintiff in any way and thus was harmless.

*Case No: 3:16-cv-31-MCR-GRJ*

Plaintiff also complains that Defendant failed to include Jamie Dozier, a former employee of Defendant, in its Rule 26(a)(1) disclosures. (ECF No. 29 at 11.) Plaintiff says that based on Dozier's positions and involvement with the mobile home at issue in this case, Dozier may have the most personal knowledge of the facts relevant to the mobile home. (*Id.*) While Dozier may have had knowledge about the mobile home in this case, that does not necessarily mean he should have been identified as a witness on the Rule 26(a)(1) disclosures because he does not appear to be a witness who necessarily supports Defendant's defenses.  The Court, however, need not resolve whether Dozier should have been listed because even assuming Dozier should have been listed on Defendant's Rule 26(a)(1) disclosures Defendant's failure to disclose Dozier was harmless.

Although Defendant listed a service manager by the name of Joey Harbin, rather than Jamie Dozier, on its initial disclosures Plaintiff eventually learned that Dozier was the service manager during the relevant time period for this case. (ECF No. 29 at 11–12.) Plaintiff then deposed Dozier on December 1, 2016, prior to the close of discovery. (ECF No. 31 at 5.)  While Plaintiff may have deposed Dozier earlier in the case had Dozier been listed in the Rule 26(a)(1) disclosures Plaintiff, nonetheless,

had an opportunity to take Dozier's deposition and therefore Plaintiff was not prejudiced by the failure to disclose, making any failure to disclose Dozier harmless.

Plaintiff does argue that he first learned of Homestar's more active role in the repairs to the mobile home when he took Dozier's deposition. According to Plaintiff, when he deposed Ronda McAllen, the corporate representative for Homestar, in July 2016, he was unaware of the extent of Homestar's involvement and therefore he was prejudiced when she was deposed. While the Court finds it hard to fathom how Plaintiff did not learn of Homestar's role and involvement with the repairs to the mobile home, assuming that the information counsel learned from Dozier's deposition would have impacted the scope of counsel's examination, the prejudice, if any, can be remedied easily by authorizing Plaintiff to conduct a Rule 30(b)(6) deposition of a corporate representative of Homestar and to direct that the deposition should be conducted in Pensacola, to avoid the expense of counsel having to travel to Texas again for a deposition.[2]

---

[2] To the extent that Plaintiff also argues that there are unproduced documents as to Homestar, Defendant asserts that both Ronda McAllen and Jamie Dozier testified that Defendant produced all of the documents it had. (ECF No. 31 at 3.) Therefore, Plaintiff's argument as to unproduced documents is meritless.

Defendant points out that Plaintiff knew about Homestar's involvement since the start of litigation because Defendant identified Homestar as its parent in its corporate disclosures on January 25, 2016. Defendant further says that Plaintiff knew about the involvement of Homestar when Plaintiff deposed Defendant's corporate representative, Ronda McAllen, on July 11, 2016, because she described at her deposition the involvement of Defendant and of Homestar. (ECF No. 31 at 3.)

While this may be true the Court recognizes that had Defendant disclosed Dozier—regardless of what Plaintiff should or could have learned about Homestar's involvement from Ronda McAllen—Plaintiff may have had a more thorough understanding of Homestar's involvement earlier in the litigation process had Dozier been identified in the Rule 26(a)(1) disclosures. Accordingly, in order to avoid any possibility that Plaintiff's ability to engage in a full and thorough examination of Homestar was impacted in any way by the failure to disclose Dozier the Court finds it appropriate to afford Plaintiff an opportunity to conduct a Rule 30(b)(6) deposition of Homestar. And to ensure Plaintiff does no incur further travel expense in taking the deposition in Texas Defendant must make arrangements for a representative of Homestar to appear in Pensacola,

Florida for the deposition.

Because this remedy is more than sufficient to cure any possible prejudice from Defendant's allegedly deficient Rule 26(a)(1) disclosures, the Court finds that Plaintiff is not entitled to any of the other requested sanctions.  Plaintiff has failed to demonstrate any other prejudice and, therefore, any shortcomings in Defendant's Rule 26(a)(1) disclosures were harmless.

Lastly, the Court concludes that Plaintiff is not entitled to any fees or expenses for bringing the motion for sanctions because Defendant's position on many of the issues Plaintiff presented was substantially justified.  Further, because the Defendant before the motion was filed offered to make a representative of Homestar available for a further deposition—the remedy the Court has found appropriate to avoid any potential prejudice—a further good faith effort by Plaintiff to resolve this issue before bringing the motion may have resolved a significant portion of the problems about which Plaintiff complains.  The bottom line is that based upon the facts presented and the applicable law Plaintiff's request for the award of drastic and far reaching sanctions based upon Defendant's deficiencies in Rule 26(a)(1) disclosures is not appropriate nor warranted.

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Plaintiff's Motion for Sanctions Pursuant to Rule 37, ECF No. 29, should be **DENIED**, except to the extent that Plaintiff should be given an opportunity to conduct a further Rule 30(b)(6) deposition of a representative of Homestar and that Defendant should bear the travel costs for arranging the deposition to take place in Pensacola, Florida, rather than in Texas, where Homestar is located.

**IN CHAMBERS** this 8th day of March 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**